UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRAIG WHITLOCK,

           Plaintiff,

   v.

U.S. DEPARTMENT OF DEFENSE, *et al.*,

           Defendants.

Case No. 20-cv-3246 (JMC)

## MEMORANDUM OPINION AND ORDER

This Court previously ordered Defendants, the U.S. Department of Defense and U.S. Department of the Navy, to produce certain documents it had categorically withheld under Exemptions 7(A) and 7(B) of the Freedom of Information Act (FOIA). ECF 31; ECF 32.[1] Now, for the first time, Defendants argue that those same documents should be withheld under Exemptions 1, 3, 5, 6, 7(C), 7(D), 7(E), and 7(F). ECF 36-1 at 7–8. Defendants say that they failed to assert those exemptions in their summary judgment papers because of "an apparent miscommunication" between agency counsel and Assistant United States Attorneys. *Id.* at 7. Defendants move for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), asking that they be allowed to reprocess their records for information subject to these additional exemptions. ECF 36. On reply, Defendants argue that they would be entitled to the same relief under Rule 54(b). ECF 41 at 3.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Plaintiff Craig Whitlock, a reporter for *The Washington Post* and the FOIA requester who filed this case, indicated that he opposed Defendants' motion for relief from judgment only in part. *See* ECF 36-1 at 9 n.3. Whitlock agreed that Defendants should have the opportunity to reprocess records for information subject to Exemptions 1, 6, 7(C), 7(D) (to the extent that Defendants seek to withhold information that "could reasonably be expected to disclose the identity of a confidential source," *see* 5 U.S.C. § 552(b)(7)(D)), and 7(F). ECF 36-1 at 9 n.3. The Court therefore granted Defendants' motion to the extent that it was unopposed, and otherwise held the motion in abeyance pending full briefing from both parties. Apr. 29, 2025 Minute Order.

In his opposition, Whitlock indicated that he no longer opposes Defendants' motion as to Exemption 3, to the extent that Defendants seek to withhold information prohibited from disclosure by 18 U.S.C. § 2510, *et seq*. ECF 38 at 1–2 n.1. Exemption 3 protects certain information "specifically exempted from disclosure by statute," 5 U.S.C. § 552(b)(3), and 18 U.S.C. § 2510 prohibits the disclosure of intercepted communications (i.e. communications intercepted as the result of a wiretap). *See Lam Lek Chong v. DEA*, 929 F.2d 729, 732–33 (D.C. Cir. 1991). The Court will therefore **GRANT** Defendants' motion for relief from judgment, ECF 36, as to Exemption 3 withholdings based on 18 U.S.C. § 2510. (Defendants do not assert any other grounds for withholding information under Exemption 3. *See* ECF 36-2 ¶ 13; ECF 41.)

Whitlock opposes Defendants' motion for relief from judgment as to Exemptions 5, 7(D) (as to information furnished by a confidential source that would not reveal the source's identity), and 7(E). ECF 38. For the reasons explained below, the Court will **GRANT IN PART** and **DENY IN PART** those portions of Defendants' motion. The Court will allow Defendants to reprocess records for information that is subject to Exemption 7(E), which protects information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would

disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). However, Defendants may not now attempt to withhold records under Exemption 5, which covers records that would be protected by attorney-client, work product, or deliberative process privilege. *See Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008). And as to Exemption 7(D), which protects two categories of information—information that could reveal the identity of a confidential source and information furnished by a confidential source—Defendants may not now attempt to withhold records that fall only into the second category (i.e. information furnished by a confidential source that would not identify the source). *See* 5 U.S.C. § 552(b)(7)(D).

## I. LEGAL STANDARD

The parties dispute whether Rule 60(b) or Rule 54(b) is the appropriate vehicle for considering Defendants' motion. *See* ECF 41 at 3; ECF 46. The Court need not resolve this dispute today. Although courts "have more flexibility in applying Rule 54(b)" than Rule 60(b), the facts of this case demand the same result under either standard. *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).

### A. Rule 60(b)(6)

"Rule 60(b) was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970)). It allows a court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment [or] order" for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Courts grant such relief only under "extraordinary circumstances." *BLOM Bank SAL*

*v. Honickman*, 145 S. Ct. 1612, 1619 (2025). Although Rule 60(b) cannot "be employed simply to rescue a litigant from strategic choices that later turn out to be improvident," the D.C. Circuit has held that reconsideration under 60(b)(6) is appropriate "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Good Luck Nursing Home*, 636 F.2d at 577.

### B. Rule 54(b)

Rule 54(b) provides that a court may revise an interlocutory order (i.e. an order that resolves only some of the claims in a case) "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). District courts have "broad discretion" to hear motions for reconsideration under Rule 54(b), *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 164 F. Supp. 3d 56, 62 (D.D.C. 2016) (quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)), but will revise interlocutory orders only "as justice requires," *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). For example, a court may grant a 54(b) motion to account for new law or evidence or to correct its own clear error. *See Univ. of Colo. Health at Mem'l Hosp.*, 164 F. Supp. 3d at 62. "[M]otions for reconsideration are not vehicles for either reasserting arguments previously raised and rejected by the Court or presenting arguments that should have been raised previously with the Court." *Pfeiffer v. U.S. Dep't of Energy*, No. 20-cv-2924, 2023 WL 4405158, at *2 (D.D.C. July 7, 2023). It is the moving party's burden to demonstrate that "reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012).

**II.    ANALYSIS**

To facilitate the "efficient, *prompt*, and full disclosure of information" required by FOIA, courts generally require the government to assert all FOIA exemptions at the same time. *Maydak v. U.S. Dep't of Just.*, 218 F.3d 760, 764 (D.C. Cir. 2000) (quoting *Senate of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 580 (D.C. Cir. 1987)). If the government could "raise its FOIA exemption claims one at a time," there would be no end to FOIA litigation. *Id.* However, the D.C. Circuit has carved out narrow exceptions to this general rule. When the government fails to invoke an exemption due to "pure human error" (rather than strategic litigation choices) and disclosure would either compromise national security or "endanger the safety and privacy of third parties," courts will allow the government to belatedly assert new exemptions. *Maydak*, 218 F.3d at 767; *August v. Fed. Bureau of Investigation*, 328 F.3d 697, 701 (D.C. Cir. 2003). "The law does not require that third parties," or the nation's security, "pay for the Government's mistakes." *August*, 328 F.3d at 701.

Here, the government failed to press additional exemptions in their summary judgment papers due to attorney error: "an apparent miscommunication" between agency counsel and Assistant United States Attorneys. ECF 36-1 at 7. Whitlock agrees, quite reasonably, that Defendants should have the opportunity to assert exemptions that implicate national security and third-party privacy interests: Exemptions 1, 3 (via 18 U.S.C. § 2510), 6, 7(C), 7(D) (as to information that could reveal the identity of a confidential source), and 7(F).[2] *See* ECF 38 at 1.

---

[2] Exemption 1 protects records classified pursuant to Executive order. 5 U.S.C. § 552(b)(1). Exemption 3 applies to certain information "specifically exempted from disclosure by statute." § 552(b)(3). Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). Exemption 7(C) applies to law enforcement records whose disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C). Exemption 7(D) protects law enforcement records that could reveal the identity of a confidential source, and information furnished by a confidential source. § 552(7)(D). And Exemption 7(F) covers law enforcement records whose disclosure "could reasonably be expected to endanger the life or physical safety of any individual." § 552(b)(7)(D).

However, Whitlock argues that Exemptions 5, 7(D) (as to information provided by a confidential source that does not itself reveal the source's identity), and 7(E) have no bearing on national security or third parties' privacy, and therefore Defendants should not be allowed the opportunity to belatedly invoke them. *Id.* at 5–7. The Court considers those contested issues below.

### A. Exemption 5

Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption "incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant," including attorney-client, work product, and deliberative process privileges. *Loving*, 550 F.3d at 37 (quoting *Baker & Hostetler LLP v. U.S. Dep't of Com.*, 473 F.3d 312, 321 (D.C. Cir. 2006)). On their face, "[n]one of these privileges implicate the national security or privacy considerations" that usually warrant relief. *Shapiro v. U.S. Dep't of Just.*, No. 13-cv-555, 2016 WL 3023980, at *5 (D.D.C. May 25, 2016). Exemption 5 protects the government's (waivable) privileges and interests, not those of innocent third parties. And Defendants do not explain how releasing this Exemption 5 material would implicate national security or public safety. *See* ECF 36-1 (no discussion of Exemption 5 or related privileges); ECF 41 at 6 (no discussion of national security or public safety as to Exemption 5). Defendants' sole argument in their opening brief is that "attorney-client privilege and the attorney work product doctrine . . . serve important interests"—but that is true of every FOIA exemption. ECF 41 at 6–7. Courts have declined to allow the government an Exemption 5 "do-over" even in the context of sensitive agency deliberations, *see Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 45 F.4th 963, 978–79 (D.C. Cir. 2022), and the presidential communications privilege, *see Jud. Watch, Inc. v. U.S. Dep't of Energy*, 319 F. Supp. 2d 32, 34–35 (D.D.C. 2004).

6

If the government could belatedly invoke new FOIA exemptions just because they served "important interests," surely those cases would have come out the other way. And even setting aside the question of national security or third-party privacy or safety interests, Defendants have offered no other compelling explanation for why "justice requires" Rule 54(b) reconsideration, or why this case presents the sort of "extraordinary circumstances" necessary for Rule 60(b)(6) relief.

    For the first time on reply, Defendants state, almost in passing, that "[u]ndersigned counsel has recently been informed for the first time that over fifty Navy members and personnel have open personnel proceedings" connected to these events. ECF 41 at 5–6. And elsewhere, they remark that disclosure is appropriate so long as "the internal deliberations about the investigation and bringing charges or analysis of the government's evidence and witnesses is protected." *Id.* Even setting aside the fact that courts generally disregard arguments made for the first time on reply, the Court finds this passage of Defendants' reply nearly impossible to parse. First, one could speculate that disclosing otherwise privileged materials may undermine ongoing personnel proceedings, which would be very concerning to the Court—but that is not the argument Defendants have made. Instead, they argue that ongoing personnel proceedings "increase[] the need for weighing privacy interests against public interest with care." *Id.* at 5. That suggests that Defendants are making a point not about Exemption 5, but about a FOIA exemption that protects personnel privacy—for example, Exemptions 6 or 7(C). *See* 5 U.S.C. § 552(b)(6) (protecting "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"); § 552(b)(7)(C) (protecting law enforcement records whose disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy"). Defendants will already have the opportunity to reprocess records on those bases. Second, even if Defendants had argued that disclosing records protected by attorney-client or

work-product privilege would undermine ongoing personnel proceedings, they must still explain how that would threaten national security or personal privacy, or otherwise be so harmful or unjust as to warrant relief from judgment. They have not done so. *See* ECF 41 at 5–6. Third, if Defendants are seeking relief from judgment because of new factual developments—i.e. new personnel proceedings that have been initiated since summary judgment briefing—that would itself be the subject of a motion for relief, not an ambiguous reference in a reply brief.

In sum, the Court finds no basis to permit Defendants to reprocess these records and invoke (or attempt to invoke) Exemption 5, because Defendants have not sufficiently explained how releasing these records would compromise national security, infringe on third parties' privacy or safety, or otherwise be harmful or unfair. Defendants' bare assertion that "attorney-client privilege and the attorney work product doctrine . . . serve important interests," absent any other cogent explanation, *see id.* at 6, is insufficient to warrant relief under either Rule 54(b) or Rule 60(b)(6).

**B. Exemption 7(D)**

Exemption 7(D) protects "records or information compiled for law enforcement purposes" that could reasonably be expected to disclose two categories of information: (1) "the identity of a confidential source," or (2) "information furnished by a confidential source." 5 U.S.C. § 552(b)(7). Whitlock agrees that Defendants should be given the opportunity to reprocess records for and attempt to withhold information that falls into the first category. ECF 38 at 6. However, he argues that Defendants should not be allowed to assert Exemption 7(D) as to information that falls only into the second category—information that was furnished by a confidential source but would not itself reveal the source's identity—because disclosing that information does not compromise third-party privacy interests. *See id.*

8

Defendants offer no reason why disclosing Exemption 7(D) information that falls only into the second category would compromise national security, infringe on third parties' privacy or safety, or otherwise be harmful or unjust. *See* ECF 41 at 6. Instead, they contend that "Whitlock's objection to the application of Exemption 7(D) risks harm to confidential sources of information *through their identification*," because sources who are identified could be subject to retaliation or other unwanted contact. *Id.* (emphasis added). But Whitlock agrees that Defendants should have the chance to assert Exemption 7(D) as to information that would reveal a confidential source's identity, and the Court has already granted Defendants' Rule 60(b) motion as to that information. *See* ECF 38 at 6; Apr. 29, 2025 Minute Order ("The Court therefore GRANTS IN PART Defendants' motion to the extent that is unopposed by Plaintiff - specifically, the motion is granted with respect to Exemptions 1, 6, 7(C), and 7(F), *and Exemption 7(D) with respect to the identity of a confidential source.*" (emphasis added)). Defendants do not explain (nor can the Court comprehend) how information that falls only into the second category—information furnished by a confidential source that does not itself reveal the identity of a confidential source—could possibly risk disclosing the identity of a confidential source.

By failing to offer any argument as to the second category of Exemption 7(D) information, Defendants have now forfeited this issue twice over—first at summary judgment, and again in their reconsideration papers. Absent any argument from Defendants, the Court agrees with Whitlock that, under any standard, Defendants should not be given a second opportunity to assert Exemption 7(D) as to information furnished by a confidential source that does not reveal the source's identity.

### C. Exemption 7(E)

Exemption 7(E) protects "records or information compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Defendants argue that disclosing this material could "compromis[e] non-public law enforcement techniques whose use protects the public," and "risk[] degradation of those techniques as others under investigation in the future could alter their criminal activities to evade or misdirect law enforcement, thereby decreasing public safety." ECF 41 at 7. Because Defendants have explained how disclosing this material would "jeopardize the safety . . . of third parties"—members of the public who are protected by these law enforcement techniques—the Court finds it appropriate (under either Rule 60(b) or Rule 54(b)) to allow Defendants the opportunity to assert Exemption 7(E). *August*, 328 F.3d at 698; *see Nat'l Pub. Radio, Inc. v. Fed. Bureau of Investigation*, 539 F. Supp. 3d 1, 8 (D.D.C. 2021) (granting reconsideration as to Exemption 7(E) because government demonstrated that disclosure "would risk endangering members of the public"); *Shapiro,* 2016 WL 3023980, at *5 (allowing government to belatedly invoke Exemption 7(E) where records "implicate[d] third-party interests—including public safety . . . that are potentially as weighty as the interests implicated by the national security and privacy exemptions"). Members of the public "bear no responsibility for the Government's litigation strategy," and "[t]he law does not require that third parties pay for the Government's mistakes"—especially when it comes to those third parties' safety. *August*, 328 F.3d at 701.

### D. Unidentified Exemptions

Defendants suggest that they may want to assert further, unidentified exemptions in the future. *See* ECF 36-2 ¶ 5. That would require Defendants to file a further motion for relief from judgment. The Court cannot opine on the merits of a motion that is not before it.

Finally, Defendants ask the Court (for the first time on reply) to defer ruling on whether the government is entitled to relief from judgment, allow the government to attempt to assert exemptions as to particular records, and then decide whether Defendants are entitled to relief from judgment based on those individual withholdings. *See* ECF 41 at 5–6. "Rather than ruling on ideas," say Defendants, "the Court should wait for a record providing sufficient information." *Id.* at 5. That is circular. The threshold question, before the Court considers whether any individual record falls within the ambit of any particular FOIA exemption (and the parties expend yet more resources briefing those issues), is whether Defendants are entitled to relief from judgment such that they should have the opportunity to attempt to assert those exemptions at all. Defendants ask the Court to bypass that threshold question, presumably to allow them to bolster their briefing. But Defendants are the moving party—the party seeking an unusual second bite at the apple. If Defendants believe that concrete examples would strengthen their arguments, now was the time to present them.

\* \* \*

For the foregoing reasons, Defendants' motion for relief from judgment, ECF 36, is **GRANTED IN PART** and **DENIED IN PART.** Defendants may reprocess records the Court previously ordered disclosed, *see* ECF 32, and attempt to assert the following Exemptions: 1, 3 (via 18 U.S.C. § 2510), 6, 7(C), 7(D) (as to information that could reasonably be expected to disclose the identity of a confidential source), 7(E), and 7(F). Defendants may not attempt to

11

withhold information that would be subject only to Exemption 5 and/or Exemption 7(D) (as to information that was furnished by a confidential source but would not itself reveal the source's identity).

**SO ORDERED.**

Date: July 8, 2025

_____
JIA M. COBB
United States District Judge